4395-002

Richard L. Furman (RF 0250)
DeORCHIS & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA

          Case No.: 07 Civ. 10353 (GEL)

     Plaintiff,

  -against-

THE MASON AND DIXON INTERMODAL   ANSWER TO COMPLAINT
(MDII); UNIVERSAL TRUCKLOAD
SERVICES, INC.; COMPANIA SUD
AMERICANA DE VAPORES S.A.; CSAV
AGENCY, LLC

     Defendants.
-------------------------------------------------------------X

  Defendants, The Mason and Dixon Intermodal, Inc. (MDII), Universal Truckload Services, Inc., Compania Sud Americana De Vapores S.A. ("Compania Sud") and CSAV Agency, LLC by their attorneys, DeOrchis & Partners, LLP, reply to Plaintiff's Complaint, upon information and belief, as follows:

  1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 5, 6, 7, 8, 10, 11 and 12 of Plaintiff's Complaint.

  2.  Admit that MDII and Compania Sud conduct business as common carriers of cargo as alleged in Paragraph 4 of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

  3.  Deny each and every allegation contained in Paragraph 9 of the Complaint.

4. Admit the allegations contained in Paragraphs 2 and 3 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. The Complaint fails to state a claim against the answering Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. The shipments described in the cross-claim were received, carried and delivered subject to the terms, conditions and exceptions of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and/or other legislation pertinent to this carriage. If any injury is suffered by the Plaintiff, which is denied, it was due to a cause or causes for which Defendants are not liable by virtue of said legislation pertinent to this carriage.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. The shipments described in the Complaint were booked, received, loaded, carried, discharged and delivered subject to the terms, conditions and exceptions of certain bills of lading, tariffs, and/or contracts of affreightment issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading and/or contracts of affreightment agreed to be and are bound. Any injury which may be suffered by Plaintiff, which is denied, was due to a cause or causes for which Defendant is not liable by virtue of said bills of lading, tariffs, and/or contracts of affreightment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. If the Plaintiff suffered any injury referred to in the Complaint, which is denied, such injury was caused, or contributed to, by the Plaintiff and/or other third parties and not by the answering Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. Any liability of the answering Defendants, which is denied, is limited in amount by the terms and provisions of the aforementioned bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which Defendants are not liable.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff has failed to reasonably mitigate its damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. Defendants are entitled to limit their liability for any alleged loss based upon limitations permitted by common law or statute or by a contractual limitation agreed upon by the Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by the failure of Plaintiff and/or its agents to properly pack and stow the goods for transport for which Defendants are not liable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et. seq., and/or the Harter Act, 46 U.S.C., § 190 et. seq., and/or other legislation pertinent to this carriage. If any injury was suffered by Plaintiff, which is denied, for which Defendants, or

any of them, are found liable, said injury was due to a cause or causes for which Defendants are not liable by virtue of said legislation pertinent to this carriage.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. The shipment described in the Complaint was booked, received, loaded, carried, discharged and delivered subject to the terms, conditions and exceptions of certain dock receipts, bills of lading, tariffs, and/or contracts of affreightment issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. If any injury was suffered by Plaintiff for which Defendants, or any of them, are found liable, which is denied, said injury was due to a cause or causes for which Defendants are not liable by virtue of said dock receipts, bills of lading, tariffs, and/or contracts of affreightment.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16. The Complaint should be dismissed as Plaintiff failed to give timely notice of this claim as required by the aforementioned dock receipts, bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17. If Plaintiff suffered the injury referred to in the Complaint, which is denied, for which Defendants, or any of them, are found liable, such injury was caused, or contributed to, by Plaintiff and/or other third parties and not by the Defendants.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

18. Any liability of Defendants, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

19. The Complaint must be denied as the loss or injury complained of, which is denied, occurred during the period before receipt or after delivery of the subject shipment.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

20. That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(o) and (n), and by the terms of the contract of carriage.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

21. That if Plaintiff's cargo suffered any damage, which is denied, then such loss or damage resulted from a cause arising without the actual fault and privity of Defendants and without the fault or neglect of their agents or servants, and Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(q).

WHEREFORE, Defendants, Mason and Dixon Intermodal, Inc., Universal Truckload Services, Inc., Compania Sud Americana De Vapores S.A. and CSAV Agency, LLC demand judgment dismissing the Complaint as against them, and awarding costs, fees, disbursements, including reasonable attorney's fees, together with such other relief as this Court may deem just and proper.

Dated: February 12, 2008
New York, New York

DEORCHIS & PARTNERS, LLP
Attorneys for Defendants

By: _____
Richard L. Furman (RF 0250)
61 Broadway, Suite 2600
New York, New York 10006
(212) 344-4700
Our File: 4395-002

W:\4395-002\Legal\Answer To Complaint 021208.Rlf.Doc 2/12/08--npo